FILED
CLERK
3:59 pm, Nov 16, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OMORUYI TERRY OSAHON,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
-----------------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
14-CV-0509 (ADS)

**APPEARANCES:**

**Da'Tekena Adokiye Barango-Tariah, Attorney at Law**
*Attorney for the Petitioner*
25 Bond Street
2nd Floor
Brooklyn, New York 11201
       By:    Da'Tekena Adokiye Barango-Tariah, Esq.

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Respondent*
271 Cadman Plaza East
Brooklyn, New York 11201
       By:    Nadia Elizabeth Moore, Assistant U.S. Attorney

**SPATT, District Judge.**

On March 11, 2002, Omoruyi Terry Osahon (the "Petitioner") entered a guilty plea for attempting to possess fifteen or more unauthorized credit cards in violation of 18 U.S.C. § 1029(a)(3). Thereafter, the Petitioner was sentenced to four months' imprisonment followed by four months of home detention with electronic monitoring. He has completed this sentence.

The Petitioner filed this writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a) seeking to vacate his conviction, and raising an ineffective assistance of counsel claim that his defense counsel failed to advise him of the immigration consequences of his guilty plea.

For the reasons set forth below, the Petitioner's application for coram nobis relief is denied.

1

# I. BACKGROUND

The Petitioner was born in Nigeria and in 2001 his immigration status was as a lawful permanent resident of the United States. (See Pet., Ex. B, Notice to Appear.) On March 23, 2001, the Petitioner pled guilty to attempting to possess fifteen or more unauthorized credit card numbers in violation of 18 U.S.C. § 1029(a)(3). (See Pet., Ex. A, Judgment at 1.) The Petitioner was later sentenced in the United States District Court of the Eastern District of New York to a term of imprisonment of four months followed by four months of home detention. (See Judgment at 2-3.)

On October 26, 2002, following the completion of his sentence, the Petitioner was served with a Notice to Appear indicating he was subject to removal from the United States as a result of his guilty plea. (See Notice to Appear.) On January 23, 2014 the Petitioner filed the instant petition seeking a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. (Dkt. No. 1.) At the time of filing this writ of coram nobis, the Petitioner's removal proceedings were pending in Immigration Court. (Pet. ¶ 11.) Neither the Petitioner nor his attorney have directly appealed his conviction or sentence.

In the instant action, the Petitioner asserts an ineffective assistance of counsel claim, arguing that at the time of his guilty plea he was not advised by counsel of the potential immigration consequences of said plea. (Pet. ¶ 12.)

# II. DISCUSSION

## A. The Legal Standard as to a Writ of Coram Nobis

A writ of error coram nobis is "an 'extraordinary remedy' available only in rare cases." Kovacs v. United States, 744 F.3d 44, 54 (2d Cir. 2014) (quoting United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 252, 98 L. Ed. 248 (1954)). Coram nobis relief is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction

and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89–90 (2d Cir. 1998) (per curiam). As the petitioner is no longer in custody, "harm to the petitioner is therefore much less and, accordingly, courts are more reluctant to grant relief." Moskowitz v. United States, 64 F. Supp. 3d 574, 577–78 (S.D.N.Y. 2014) (collecting cases).

When petitioning for coram nobis relief, a petitioner bears the burden of showing that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by grant of the writ." Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (quoting Morgan, 346 U.S. at 511-12, 74 S.Ct. at 252-53) (internal quotation marks omitted). The Second Circuit has held that "coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont, 93 F.3d at 78-79 (internal quotation marks and citations omitted).

**B. As to the Timeliness of the Petition**

According to the Second Circuit, the timeliness of the petition is "a threshold procedural hurdle to obtaining coram nobis relief." Dixon v. United States, No. 14–CV–960 (KMK), 2015 WL 851794, at *6 (S.D.N.Y. Feb. 27, 2015) (citing United States v. Foont, 901 F. Supp. 729, 732–33 (S.D.N.Y.1995), aff'd, 93 F.3d 76 (2d Cir. 1996)); Worlumarti v. United States, 613 F. App'x 69, 71–72 (2d Cir. 2015) (summary order). There is no applicable statute of limitations for seeking coram nobis relief. Thus the Court considers timeliness on a case-by-case basis. Compare Foont, 93 F.3d at 81 (denying a coram nobis petition as untimely that was filed five years after a guilty plea) with Cisse v. United States, 330 F. Supp. 2d 336, 344 (S.D.N.Y. 2004) (finding a coram

nobis petition untimely that was filed one year after the expiration of the statute of limitations to file a motion to vacate his conviction pursuant to 18 U.S.C. § 2255). When considering whether a petition for coram nobis relief was timely filed, Courts look to "whether the petitioner knew or should have known earlier of facts underlying the claim for coram nobis relief." Evangelista v. United States, No. 11-CV-5085, 2012 WL 3818109, at *3 (E.D.N.Y. Sept. 4, 2012) (internal quotation marks omitted) (citing Foont, 93 F.3d at 78). It is of note that an "unjustified delay" in filing a petition is "fatal to an application for coram nobis." Dorfmann v. United States, 13-CV-4999 (JCF), 2014 WL 260583, at *6 (S.D.N.Y. Jan. 23, 2014), aff'd 597 F. App'x 6 (2d Cir. 2015) (citing United States v. Sash, 374 F. App'x 198, 199 (2d Cir. 2010) (collecting cases)). To avoid dismissal of an unjustifiably delayed petition for coram nobis relief, a Petitioner must provide "sound reason for delay." Cruz v. People of New York, No. 03-CV-9815 (DC), 2004 WL 1516787, at *4 (S.D.N.Y. July 6, 2004); see also Nangia v. United States, No. 11-CV-6056 (RMB), 2012 WL 4513477, at *1 (S.D.N.Y. Oct. 2, 2012.).

Applying these standards to the timeliness of this petition, the Court finds that the instant petition is barred as untimely. Thirteen years have passed between the Petitioner's guilty plea and the commencement of the instant action. The Petitioner became aware of the immigration proceedings against him by the filing of the abovementioned Notice to Appear, yet the Petitioner waited eleven years from receipt of the Notice to Appear to file this petition. (See generally Notice to Appear.) As is discussed below, the crux of the Petitioner's argument rests on an ineffective assistance of counsel claim based on the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Even if the Court uses the decision date of Padilla as the starting point for determining the timeliness of the petition, the Petitioner still waited two years to file the instant petition. The Petitioner provides no explanation for his delay in filing,

4

and as such, the Court determines the delay to be unjustified. See Rodriguez v. United States, No. 98-CR-00764 (MHD), 2012 WL 6082477, at *10 (S.D.N.Y. Dec. 4, 2012); Nangia, 2012 WL 4513477 at *3-4 (denying a petition as untimely that was filed seven years after immigration removal proceedings began and seventeen months after Padilla v. Kentucky). Thus, the Petitioner is barred from coram nobis relief.

## C. As to the Merits of the Petition

The Petitioner raises an ineffective assistance of counsel claim, contending that his counsel failed to advise him of the potential immigration consequences of his plea. Notwithstanding that the Court concludes the petition is untimely, the Court also finds the petition to be without merit.

When considering claims for ineffective assistance of counsel, the Supreme Court has provided a two prong test to determine when a counsel's performance is sufficiently inadequate to violate one's right to counsel under the Sixth Amendment to the United States Constitution. See Strickland v. Washington, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 2064-68, 80 L.Ed.2d 674 (1984). The first prong of the Strickland test considers whether counsel's performance "fell below an objective standard of reasonableness." Id. at 688. A deficient performance by counsel requires "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. If a petitioner demonstrates that counsel's representation has fallen below the objective standard contained in the first prong of the Strickland test, a petitioner must then demonstrate that he was prejudiced by such representation, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Petitioner's arguments are governed by the Supreme Court's holding in Padilla v. Kentucky, 559 U.S. at 374, 130 S.Ct. at 1486-87. In Padilla, the Supreme Court determined that

a defense counsel's failure to advise an individual of the potential deportation consequences following a guilty plea fell below the objective standard of reasonableness required by the first prong in the Strickland analysis. Id. However, an individual must still show that he was prejudiced by the inadequacy of defense counsel. Id. Prejudice in the context of guilty pleas must come in the form of objective evidence, whether that be by a sworn affidavit or testimony, that but for counsel's error this guilty plea would not have taken place. See United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998). In sum, a petitioner must demonstrate that "but for counsel's unprofessional errors, there was a reasonable probability that the petitioner could have negotiated a plea that did not impact immigration status or that he would have litigated an available defense." Kovacs v. United States, 744 F.3d 44, 52 (2d Cir. 2014).

As an initial matter, the Supreme Court has held that its decision in Padilla v. Kentucky does not have retroactive effect on cases where the sentence was final at the time of its decision. See Chaidez v. United States, 568 U.S. 342, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). Here, the Petitioner waited approximately four years after the Padilla decision to file this petition, thus he cannot obtain coram nobis relief by relying on Padilla.

Even assuming Padilla applied, the Petitioner fails to demonstrate the requisite prejudice to satisfy the second prong in the Strickland test. To satisfy the second prong of the Strickland test in the context of guilty pleas, "the petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances, or that there is a reasonable probability that he could have negotiated a plea that did not impact [his] immigration status, or that he would have litigated an available defense." Whyte v. United States, No 14-CV-3598 (VEC), 2015 WL 4660904, at *5 (S.D.N.Y. Aug 6, 2015) (internal quotation marks and citations omitted).

Here, the Petitioner was facing charges under 18 U.S.C. § 1029(a)(3) and a violation of this statute allows for an accompanying sentence of up to ten years. See 18 U.S.C. § 1029(a)(3); 18 § U.S.C. 1029(c)(1)(A). The Petitioner was offered the opportunity to plead guilty to a reduced sentence of four months' imprisonment, followed by four months' home detention. (Judgment at 2-3.) According to the Government, if the Petitioner proceeded to trial he faced evidence that included potential testimony from his accomplice; incriminating recorded telephone calls; credit card numbers recovered from the Petitioner; as well as other evidence. (See Gov't Opp'n Br. at 6.) The Petitioner fails to make any assertion that if he had been provided the information regarding immigration consequences that the outcome of his case would be different. In the petition there are no statements from the Petitioner that he would have gone to trial or sought a different disposition had he known about the immigration consequences of his plea. In total, the only prejudice articulated in the petition is that the Petitioner is now facing removal proceedings, which is not sufficient to satisfy the requisite prejudice to demonstrate ineffective assistance of counsel. Phillips v. United States, No. 14-CV-5820 (NG), 2015 WL 4112483, at *4 (E.D.N.Y. July 7, 2015.)

As such, the petition is dismissed in its entirety.

### III. CONCLUSION

The Petitioner's application for a writ of coram nobis (Dkt. No. 1) is denied. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
November 16, 2017

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge

7